THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES BARNES, Defendant-Appellant.

Fourth District   No. 4—86—0357

Opinion filed March 12, 1987.

Steven Skelton, of Bloomington, for appellant.

Donald D. Bernardi, State's Attorney, of Pontiac (Kenneth R. Boyle, Robert J. Biderman, and Patrick T. Curran, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Defendant, James Barnes, was found guilty, after a bench trial, by the circuit court of Livingston County of the offense of driving while license suspended (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303) and was sentenced to two days in jail and ordered to pay a fine and costs, totalling $295. Defendant appeals, alleging the court erred in denying

defendant's motion to quash arrest and to suppress evidence. We affirm.

On May 2, 1984, Illinois State Police Officer Richard Hurley was on routine patrol on interstate I-55 and came up behind a red Volkswagen. At that point, he radioed the Illinois State Police Post, District 6, for a computer check on the registration of the vehicle. This is regularly done on a random basis to check the validity of vehicle registrations. District 6 responded that the computer showed the registration was valid, but the owner of the vehicle had a suspended license. Hurley proceeded to pull the vehicle over. The defendant was the driver and did have a suspended license.

Defendant filed a motion to quash arrest and suppress evidence, alleging that Hurley did not have sufficient cause to stop defendant's vehicle. The court, in a well-reasoned opinion, denied the motion, and the defendant was convicted.

The sole issue is whether Officer Hurley had sufficient articulable facts to justify stopping defendant's vehicle by relying on the computer information that the owner of the vehicle had a suspended license.

■ ■ This decision involves the application of the United States Supreme Court decision in *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868, and the Illinois statute based on *Terry*, section 107—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 107—14). The rule is that it is appropriate for an officer to stop and temporarily question a person when the officer has specific, articulable facts, together with reasonable inferences drawn therefrom, which lead the officer to believe the person has committed or is going to commit an offense. (*People v. Jones* (1981), 102 Ill. App. 3d 246, 429 N.E.2d 1101; *People v. Slawek* (1981), 98 Ill. App. 3d 1146, 425 N.E.2d 26.) A mere suspicion or hunch is not sufficient to justify a stop. (*People v. Fox* (1981), 97 Ill. App. 3d 58, 421 N.E.2d 1082; *People v. Jackson* (1979), 77 Ill. App. 3d 117, 395 N.E.2d 976.) The objective determination to be made is whether the facts available at the moment of seizure warrant a man of reasonable caution in the belief that the action taken was appropriate. *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868; *People v. Holdman* (1978), 73 Ill. 2d 213, 383 N.E.2d 155.

In *Holdman*, our supreme court had an opportunity to decide a similar case. There the police saw a vehicle "associated with" a person for whom they possessed an arrest warrant. The officers pulled alongside the moving vehicle and flashed a light into the interior. A high-speed chase ensued and the vehicle was stopped. The supreme court noted first that it did not believe the light shining constituted a stop.

However, the court stated, even if it were a stop, it was permissible for the purpose of investigating possible criminal behavior. "Certainly police officers must be permitted to shine a light into a car they reasonably believe to be associated with a fugitive in an effort to determine if that fugitive is present in the vehicle." *People v. Holdman* (1978), 73 Ill. 2d 213, 221, 383 N.E.2d 155, 158.

The current case is closely analogous. Here the car owner is known to possess a suspended driver's license. A reasonable inference from that fact is that the owner is driving the vehicle. While other people may drive an owner's vehicle, it is clear that the owner will do the vast amount of driving. If it is acceptable to shine a light or stop a vehicle to see if a fugitive associated with it is in it, then it is acceptable to stop a vehicle to see if the owner, who is known to have a suspended driver's license, is driving.

Analysis of United States Supreme Court decisions further support our decision.

In *Terry*, the United States Supreme Court had to balance the need or governmental interest in the seizure (stop) against the invasion of the constitutionally protected interests that the seizure (stop) entails. The State has a vital interest in promoting highway safety by ensuring that only those qualified to drive do so. (*Delaware v. Prouse* (1979), 440 U.S. 648, 59 L. Ed. 2d 660, 99 S. Ct. 1391.) Especially today, with the increased enforcement of the DUI laws resulting in an increasing number of people losing their privilege to drive, the public safety is balanced against a short roadside stop to ascertain the driving status of the driver.

While it is clear that the constitution will not permit the police to make random stops to check on driving status, it will permit the stop when an "articulable basis amounting to reasonable suspicion that the driver is unlicensed" exists. (*Delaware v. Prouse* (1979), 440 U.S. 648, 661, 59 L. Ed. 2d 660, 672, 99 S. Ct. 1391, 1400.) Here, that articulable basis existed due to the information that the vehicle owner has a suspended license. If the police are not allowed to stop and investigate under these circumstances, then they are seriously limited in investigating suspension violations. There are few, if any, additional steps the police can use to get more information to justify a stop.

We hold that it is appropriate for a police officer to stop a vehicle and investigate the driving status of the driver based on information that the owner of the vehicle has a suspended driver's license.

Affirmed.

SPITZ, P.J., and GREEN, J., concur.