THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. STEVEN JALINSKY, Defendant-Appellee.

Fifth District   No. 5—89—0388

Opinion filed November 19, 1990.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel M. Kirwan and Janet L. Gandy, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

The defendant, Steven Jalinsky, was charged with unlawful possession of a controlled substance (Ill. Rev. Stat. 1987, ch. 56½, par. 1402(b)). Defense counsel filed a motion to suppress evidence and statements. After conducting a hearing on the matter, the trial court granted defendant's motion. The State appeals. We reverse.

The issue here is whether the evidence and statements obtained were the result of an illegal arrest and unlawful search. The facts of this case are uncontradicted. On January 24, 1989, Officer Jeffrey Stratman, of the Fairview Heights police department, was on routine patrol conducting vehicle registration checks. At one point Stratman observed defendant driving a silver Yamaha motorcycle. Officer Stratman testified that one week prior to his observing the defendant, he had seen a similar motorcycle which he learned, after running a registration check on the vehicle, was owned by someone with a class A driver's license. Officer Stratman explained that someone possessing a class A license is not authorized to drive a motorcycle. Officer Stratman was unable to investigate the matter further on that date because by the time he received information as to the status of the owner's registration, he had lost sight of the vehicle.

On January 24, 1989, when Stratman observed what he thought was the same motorcycle, he conducted a registration check on the vehicle. The computer check revealed that the motorcycle was not the same one which he had observed the previous week. The check did reveal, however, that the registered owner of the motorcycle did not possess a valid license for the operation of a motorcycle. The motorcycle registration was from a different city as well. Stratman also received a physical description of the registered owner, which the officer observed was similar to the defendant's.

Stratman testified that while waiting for the computer to assimilate the registration information, he followed defendant through the neighborhood. The officer testified that at that time the defendant was driving aimlessly through the neighborhood and appeared to be trying to avoid the officer by changing direction several times. Stratman related that this neighborhood was the scene of a number of recent burglaries. Based on the recent burglaries, defendant's behavior, and the information received as to the vehicle registration, Stratman decided to investigate.

Stratman initiated a stop of defendant's vehicle, approached the defendant, and asked him for his driver's license. When asked by Officer Stratman about the ownership of the motorcycle and defendant's driver's license, defendant claimed to be the registered owner, but

stated that he did not have his license with him. The officer then advised defendant that defendant was going to receive a citation for violation of the license classification. Officer Stratman proceeded to conduct a pat-down search so that he could transport the defendant to the police station to post bond. Stratman testified that this was routine procedure for a classification violation.

Stratman's search of defendant's person revealed papers and a pack of cigarettes. Stratman testified that, "in the past we have had people with razor blades or pen knives or something in cigarette packs," so Stratman "flipped it open to make sure there wasn't a knife in there." The officer discovered what appeared to be a cannabis cigarette. The defendant grabbed the cigarette and attempted to ingest it. After the item was recovered, the defendant was handcuffed and taken to the police station. At the station the search of defendant's person was completed, and a quantity of cannabis and crack cocaine was found and seized.

In ruling on defendant's motion to suppress, the court stated:

"I don't argue that the defendant was lawfully driving upon a public highway. He obviously was not as it turned out but the determination of probable cause has to be made really prior to the initial stop ***.

The fact that there are burglaries in the neighborhood, I think, gives him every reason to follow the vehicle to see what it is up to but unless the person does something wrong, I don't think that there is any reason to pull him over and question him or to even ask for his driver's license at this point."

It is clear that the trial court's basis for granting defendant's motion to suppress rested entirely upon its finding of no probable cause for the initial stop. On appeal the defendant concedes that the basis of the trial court's ruling was invalid, in that he agrees that Officer Stratman was authorized to stop the motorcycle to investigate the license status of the driver based upon the computer information that the officer had received. (See *People v. Barnes* (1987), 152 Ill. App. 3d 1004, 505 N.E.2d 427.) However, the further issue we are required to decide is whether the arrest and subsequent search of defendant were invalid.

It is undisputed that Officer Stratman asked defendant if he had a driver's license with him, and that defendant admitted that he did not. The officer then asked defendant if he owned the motorcycle, and he responded affirmatively. The defendant claims that the evidence was properly suppressed because the officer did not ask him to identify himself, but presumed that he was in fact the owner of the vehi-

cle. Defendant contends that, while he told Officer Stratman that he was the owner of the vehicle, his statement did not obviate the requirement that the officer ascertain the identity of the driver. Defendant argues that his arrest was based upon the mistaken assumption that defendant was the owner of the motorcycle, when in fact defendant's brother was the owner. He concludes that since the arrest was improper, the evidence derived therefrom was properly suppressed.

■■ ■ Upon stopping the defendant, Officer Stratman asked the defendant to produce his driver's license. This request was within the officer's authority pursuant to the Illinois Vehicle Code, which requires:

> "Every licensee or permittee shall have his drivers license or permit in his immediate possession at all times when operating a motor vehicle and, *** shall display such license or permit if it is in his possession upon demand made, *** by a member of the State Police, a sheriff or other police officer ***." (Ill. Rev. Stat. 1989, ch. 95½, par. 6—112.)

When defendant replied that he was the owner and the officer had the information from the computer check that the owner did not have the proper license classification, the officer had reasonable grounds to believe that the defendant had committed the offense of violation of the classification and was justified in arresting him. To determine whether probable cause exists for an arrest, the totality of the facts and circumstances within the arresting officer's knowledge at the time of arrest must be sufficient to warrant a man of reasonable caution to believe that an offense has been committed and that the person arrested has committed the offense. (*People v. Lippert* (1982), 89 Ill. 2d 171, 178, 432 N.E.2d 605, 608.) An arrest is not unconstitutional merely because the information which the officer relied upon later turns out to be erroneous (*Roddy v. Catto* (1986), 143 Ill. App. 3d 176, 185, 491 N.E.2d 961, 966-67), as the probable cause determination looks to the information available to the officer at the time of arrest and exacts from him a reasonable assessment of it, not a perfect one. *Roddy*, 143 Ill. App. 3d at 185, 491 N.E.2d at 966-67.

The officer knew that the owner of the motorcycle did not possess a driver's license with the proper classification to drive a motorcycle. He was also aware that the defendant's physical appearance was similar to that of the registered owner, and the defendant advised the officer that he was the owner.. Officer Stratman had no reason to suspect that the defendant was being untruthful. Based on the totality of the circumstances, the officer had probable cause to arrest the defendant.

■ Defendant does not argue that assuming a proper arrest was made, the subsequent search was improper. After the arrest, Officer Stratman was justified in conducting a search for weapons before transporting the defendant. (*United States v. Robinson* (1973), 414 U.S. 218, 236, 38 L. Ed. 2d 427, 441, 94 S. Ct. 467, 477; Ill. Rev. Stat. 1989, ch. 38, par. 108—1(a).) When a search incident to a lawful arrest results in the discovery of an illegal substance, the officer is entitled to seize it as contraband and use it as evidence against the defendant. *Robinson*, 414 U.S. at 236, 38 L. Ed. 2d at 441, 94 S. Ct. at 477.

Based on the foregoing, we reverse the decision of the trial court granting the defendant's motion to suppress and remand this cause for further proceedings.

Reversed and remanded.

HARRISON and WELCH, JJ., concur.