THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. YVONNE D. POLLARD, Defendant-Appellant.

Fourth District   No. 4—91—0080

Opinion filed July 18, 1991.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

John B. Huschen, State's Attorney, of Eureka (Kenneth R. Boyle, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LUND delivered the opinion of the court:

On November 5, 1990, following a stipulated bench trial in the circuit court of Woodford County, defendant Yvonne Pollard was found guilty of unlawful possession of a controlled substance, being less than 15 grams of cocaine. (Ill. Rev. Stat. 1989, ch. 56½, par. 1402(b).) She was subsequently placed on 30 months' probation and ordered to serve 48 days' incarceration as a condition. She now appeals.

Defendant was arrested for the instant offense on April 22, 1990. On June 4, 1990, defendant filed a motion seeking to quash her arrest and suppress the evidence seized. In the motion, she alleged she was arrested by Metamora police and that said arrest occurred outside the city limits. Accordingly, she argued that the police, being outside their jurisdiction, were without authority to make this arrest.

The evidence presented at the motion to suppress hearing establishes that on April 22, 1990, at 4:30 a.m., Metamora police officer Jeff Wernsman stopped the vehicle for a broken taillight. Defendant, a black female, was driving the car which also contained three other occupants. Shortly after the stop, Officer Allen Smallwood arrived at the scene. After a warning about the taillight, the officers let the vehicle go.

Just then the officers received a report over the radio, in response to a computer check Wernsman requested, to the effect that if a black female was driving the car, she had a suspended driver's license. The officers proceeded to chase the vehicle and stopped it in Germantown Hills, which is outside the Metamora city limits. It was determined after an investigation that defendant did, in fact, have a suspended driver's license, and she was placed under arrest. The other occupants were asked to exit the car and did so.

Wernsman then observed a handgun jutting out from under one of the seats and seized it. At this point, all the occupants of the car were arrested. Defendant indicated she was cold and asked the officers to retrieve her coat from the car. They did so but, before returning it to her, Wernsman patted it down. He discovered a small plastic bag in the pocket which contained a substance subsequently identified as cocaine. The court denied the motion to suppress.

On November 5, 1990, a stipulated bench trial occurred. The parties presented the court a written stipulation of facts which indicated that Wernsman would testify to the stop and arrest; that a detective would testify defendant subsequently admitted to him the substance was hers; and that an employee of the crime laboratory would testify

the substance was cocaine. The court found defendant guilty and, on December 27, 1990, imposed sentence. This appeal followed.

Defendant's first contention is that, since her stipulated bench trial was tantamount to a guilty plea, she should have been admonished pursuant to Supreme Court Rule 402 (134 Ill. 2d R. 402). (See *People v. Smith* (1974), 59 Ill. 2d 236, 319 N.E.2d 760; *People v. Stepheny* (1974), 56 Ill. 2d 237, 306 N.E.2d 872.) She maintains that since this was not done, her case must be remanded for a new proceeding.

In *People v. Horton* (1991), 143 Ill. 2d 11, 570 N.E.2d 320, the supreme court again addressed the question of when a stipulated bench trial was legitimate and when it was tantamount to a guilty plea requiring the giving of the Rule 402 admonitions. In *Horton*, the defendant was involved in two stipulated bench trials involving separate offenses. In each case, defendant had filed a motion to quash his arrest and suppress the evidence seized which was denied.

In the first case, it was stipulated as to what the witnesses would testify. In closing argument, counsel stated that defendant was not contesting the sufficiency of the evidence. (*Horton*, 143 Ill. 2d at 16-17, 570 N.E.2d at 322.) The supreme court concluded this was not tantamount to a guilty plea. The court explained:

"In the case at bar, defense counsel did not stipulate to the legal conclusion to be drawn from the evidence, as counsel did in *Smith*. Rather, defense counsel stipulated to the State's evidence, and then during closing argument, commented that the evidence was sufficient to convict. Comments during closing argument are not considered evidence. Thus, when counsel conceded the sufficiency of the evidence to convict, defendant was not, in effect, entering a guilty plea. Furthermore, we do not believe that defendant's first stipulated bench trial was a 'mere formality,' as was the defendant's trial in *Stepheny*. In *Stepheny*, the attorneys and the judge privately agreed that the defendant was guilty, and merely went 'through the motions of a trial.' (*Stepheny*, 56 Ill. 2d at 238.) In defendant's first stipulated bench trial, despite the fact that defense counsel conceded the sufficiency of the evidence, the State still had to prove defendant guilty beyond a reasonable doubt. There was no private agreement that defendant was guilty. Thus, we conclude that defendant's first stipulated bench trial was not tantamount to a guilty plea even though counsel conceded the sufficiency of the evidence.

In so holding, we adopt the rule uniformly applied by the appellate court that a stipulated bench trial is not tantamount to a guilty plea if the defendant presented and preserved a defense. A guilty plea waives all nonjurisdictional defenses or defects. (*People v. Jackson* (1970), 47 Ill. 2d 344, 348.) As noted in the appellate court opinion, a stipulated bench trial can avoid the waiver rule while still allowing the parties to proceed with the benefits and conveniences of a guilty plea procedure. (193 Ill. App. 3d at 702; see *People v. Sullivan* (1979), 72 Ill. App. 3d 533, 538.) We believe that this is what counsel did in defendant's first stipulated bench trial. Counsel realized that defendant's only viable defense theory was the suppression of the identification and fingerprint evidence. Thus, he opted to proceed through a stipulated bench trial, and preserve defendant's suppression issue." *Horton*, 143 Ill. 2d at 21-22, 570 N.E.2d at 324-25.

In the second bench trial, the State indicated to the court what its evidence would show. Defense counsel then stated: " '*[I]n terms of [the] sufficiency of the evidence, we are stipulating.*' " (Emphasis in original.) (*Horton*, 143 Ill. 2d at 18, 570 N.E.2d at 323.) The court found this procedure called for an opposite result:

"Regarding defendant's second stipulated bench trial, we find that defense counsel not only conceded the sufficiency of the evidence, but he in fact *stipulated* to the sufficiency of the evidence to convict. As stated earlier, after the State detailed the stipulation pertaining to Mr. Marzolo's testimony, defense counsel stated '[b]ut, in terms of [the] sufficiency of the evidence, *we are stipulating.*' This comment places defendant's second trial directly within the confines of our prior holding in *Smith*. Thus, even though defendant presented and preserved a defense in his second stipulated bench trial, *Smith* applies and defendant should have 'be[en] afforded the protections set forth by Rule 402.' See *Smith*, 59 Ill. 2d at 243." (Emphasis in original.) *Horton*, 143 Ill. 2d at 22, 570 N.E.2d at 325.

██ █ Thus, what can be gleaned from this case is that when a defendant intending to present and preserve a defense stipulates to evidence (*i.e.*, to what witnesses would testify), and the ultimate conclusion is up to the court as to whether the evidence is sufficient to convict, then the procedure is properly considered a bench trial and no admonitions need be given. This is true even if counsel admits or concedes to the court prior to trial or in closing argument that defendant is not contesting the sufficiency of the evidence to convict.

However, when a defendant stipulates that the evidence is sufficient to convict, this is tantamount to a guilty plea because the court is not called upon to determine if the State has proved defendant guilty beyond a reasonable doubt and the admonitions must be given. This is true even if defendant in stipulating was doing so intending to preserve a defense.

It is now necessary to apply these "gleanings" to the present controversy.

On November 5, 1990, defendant's case was called for bench trial. At that time, the parties indicated to the court that they were presenting "a stipulation of the facts in this case." The parties then explained this was all the evidence to be presented. The court asked if the parties wished closing arguments. The State declined. Defense counsel then stated:

"Your Honor, I think what was anticipated [was] that the Court would find the Defendant guilty of the charge. We would ask that any conviction be reserved until such time as we have a sentencing hearing. The reason I say that is that my client is eligible for 14—10 probation."

The court then recited the evidence contained in the stipulation and found defendant guilty.

This procedure clearly falls within the first situation contained in *Horton*. Defendant obviously wished and intended to preserve her motion to suppress argument which she also makes on appeal. The stipulation only involved facts and evidence which would have been presented at trial. The court still had to review them and determine if the State had met its burden.

■ We do not believe counsel's quoted language changes this analysis. The comment was made during the time reserved for argument. In *Horton*, counsel told the court both at pretrial and at closing argument that defendant was not contesting the sufficiency of the evidence to convict. (*Horton*, 143 Ill. 2d at 16-17, 570 N.E.2d at 322.) Here, counsel's comment is simply another way of saying the same thing. Accordingly, we conclude that this bench trial was not tantamount to a guilty plea and no Rule 402 admonitions were therefore required.

Defendant next argues that the court erred in denying her motion to suppress because her arrest occurred outside the Metamora city limits and was not authorized by sections 7—4—7 and 7—4—8 of the Illinois Municipal Code (Ill. Rev. Stat. 1989, ch. 24, pars. 7—4—7, 7—4—8). These sections provide that adjoining municipalities within a county form a police district and that police from any municipality

within the district may travel throughout the district to preserve peace and safeguard the lives, rights, and property of citizens. (*People v. O'Connor* (1988), 167 Ill. App. 3d 42, 44, 520 N.E.2d 1081, 1082.) Extraterritorial arrests have been upheld pursuant to these sections where officers, while in adjoining municipalities, observed the commission of an offense. (See *People v. Bains* (1987), 152 Ill. App. 3d 951, 505 N.E.2d 13; *People v. Lawson* (1976), 36 Ill. App. 3d 767, 345 N.E.2d 41.) She believes the court should have taken judicial notice that Germantown Hills and Metamora are not adjoining municipalities. Accordingly, since they are not, she maintains these sections are inapplicable to her case.

A similar argument was made and rejected in the case of one of her codefendants (see *People v. Thompson* (1991), 215 Ill. App. 3d 514), because it was held the arrest was authorized by separate statutory provision.

■ Under the common law, peace officers generally lacked the authority to make warrantless arrests outside the territorial limits of the political entity by which they were employed, unless they were in hot pursuit of a suspected felon fleeing from their own territory. (*Bains*, 152 Ill. App. 3d at 953, 505 N.E.2d at 15.) However, the common-law rule has been modified by section 107—5(c) of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 107—5(c)), which provides an arrest may be made anywhere within the jurisdiction of this State. In construing this provision, one court stated:

> "While there is no case law interpreting the scope of this provision, we believe it lays to rest the notion that a police officer is limited by the concept of territorial boundaries or jurisdiction when making an arrest. Therefore, it is proper for a police officer to make a warrantless arrest in an adjoining county when he has probable cause to believe that the accused committed an offense in the county in which the officer holds office. *This is true even though the officer had merely entered the adjoining county because of some suspicious activity and was not then in fresh pursuit of the offender.*" (Emphasis added.) *People v. Durham* (1979), 71 Ill. App. 3d 725, 727, 390 N.E.2d 517, 518.

*Durham* is very similar to the present case. There, the officer received a report that someone shot into a house and the defendant, due to bad blood with the victim, was given as a suspect. The officer proceeded to the general vicinity, and he eventually stopped defendant's car across the county line in another county whereupon evidence of the crime was uncovered. The court, as noted, held that section

107—5 of the Code authorized the stop and the arrest. This analysis and conclusion has been followed by subsequent courts. *People v. Aldridge* (1981), 101 Ill. App. 3d 181, 186, 427 N.E.2d 1001, 1005; *People v. Carraher* (1990), 199 Ill. App. 3d 965, 969-70, 557 N.E.2d 975, 978-79; *Thompson*, 215 Ill. App. 3d at 520.

■ It is clear that, based upon a radio report such as in the present case, police officers have reasonable grounds to make an investigatory stop pursuant to *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868, and section 107—14 of the Code (Ill. Rev. Stat. 1989, ch. 38, par. 107—14) to investigate a possible license violation. (See *People v. Barnes* (1987), 152 Ill. App. 3d 1004, 505 N.E.2d 427.) Defendant does not argue otherwise. We conclude that section 107—5 of the Code and *Durham* allow the officers, in circumstances such as this, to make this investigatory stop outside their jurisdiction in order to investigate a violation which might have occurred within it. Accordingly, we find the court properly denied defendant's motion to suppress.

Affirmed.

GREEN and STEIGMANN, JJ., concur.