THE VILLAGE OF LAKE IN THE HILLS, Plaintiff-Appellant, v. SCOTT T. LLOYD, Defendant-Appellee.

Second District    No. 2—91—1035

Opinion filed April 29, 1992.

William P. Stanton, of Zukowski, Rogers, Flood & McArdle, of Crystal Lake, for appellant.

Kevin M. McCarty, of McCuaig, Haeger, Bolz, McCarty & Baudin, of West Dundee, for appellee.

JUSTICE NICKELS delivered the opinion of the court:

Defendant, Scott T. Lloyd, was charged by traffic citation with the offense of driving with a revoked driver's license in violation of a Village of Lake in the Hills (Village) ordinance. Defendant filed a motion to quash his arrest and suppress evidence, which the trial court

granted. The Village filed a certificate of impairment and a timely notice of appeal pursuant to Supreme Court Rule 604(a) (134 Ill. 2d R. 604(a)). The sole issue on appeal is whether the trial court's granting of defendant's motion to quash his arrest and suppress evidence was manifestly erroneous. We reverse and remand.

The only facts relevant to this issue are contained in a report prepared by the arresting officer on the date of defendant's arrest. The report was stipulated to by the parties and tendered to the court for consideration at the hearing on defendant's motion. No other evidence was introduced or considered by the court in deciding defendant's motion.

The report is handwritten and is signed by the arresting officer. It states that the arresting officer, while on routine patrol, observed defendant's vehicle traveling westbound on Algonquin Road. The arresting officer then ran a "random registration check on the vehicle through the mobile data terminal." That check indicated that the owner of the vehicle had a revoked driver's license. The arresting officer stopped the vehicle and asked the driver for his driver's license. The owner, who was also the driver, was later identified as defendant. Defendant advised the arresting officer that his driver's license was revoked. After confirming via radio that defendant had a revoked driver's license, the officer arrested him for driving with a revoked driver's license.

The Village contends that the information that the vehicle's owner had a revoked driver's license provided the reasonable suspicion necessary to stop defendant's vehicle for the purpose of ascertaining the status of the license of the driver. The Village relies on *People v. Barnes* (1987), 152 Ill. App. 3d 1004, in support of its contention that the stop of defendant's vehicle was permissible under the fourth amendment.

■ The United States Supreme Court in *Delaware v. Prouse* (1979), 440 U.S. 648, 59 L. Ed. 2d 660, 99 S. Ct. 1391, addressed the constitutional propriety of a police officer conducting a purely random stop of a motor vehicle for the purpose of checking the status of the license of the driver and the vehicle registration. The *Prouse* Court held that "except in those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment." (*Prouse*, 440 U.S. at 663, 59 L. Ed. 2d at 673,

99 S. Ct. at 1401.) The Court added that when there is no probable cause to believe that a driver is violating the law, "or other articulable basis amounting to reasonable suspicion that the driver is unlicensed or his vehicle unregistered," it could not conceive of any legitimate basis upon which a police officer could decide that stopping a particular driver would be more productive than stopping any other driver. *Prouse*, 440 U.S. at 661, 59 L. Ed. 2d at 672, 99 S. Ct. at 1400.

In the present case, the officer did not stop defendant's vehicle completely at random, but only did so after ascertaining that the vehicle's owner had a revoked driver's license. The officer, however, did not otherwise attempt to ascertain whether the owner, who had the revoked driver's license, was in fact the driver of the vehicle. Thus, the dispositive issue is whether an officer's knowledge that an *owner* of a particular vehicle has a revoked license alone is sufficient to give the officer a reasonable suspicion that the *driver* of that vehicle has a revoked driver's license. Put another way, is it reasonable for the officer to conclude, absent any other information, that the owner of a vehicle is in fact its driver at any given time?

In *People v. Barnes* (1987), 152 Ill. App. 3d 1004, the appellate court concluded that an articulable basis existed to stop a vehicle to check the driving status of the driver based only on the information that the vehicle's owner had a suspended license. (*Barnes*, 152 Ill. App. 3d at 1006.) In reaching that result, the court utilized a "reasonable inference" that a vehicle's owner is the one driving the vehicle. (*Barnes*, 152 Ill. App. 3d at 1006.) The court further explained that although other people may drive an owner's vehicle, it is clear that the owner will do the vast amount of driving. *Barnes*, 152 Ill. App. 3d at 1006.

There is also a presumption in civil cases that a vehicle has been driven by its owner. (See *Robinson v. Workman* (1956), 9 Ill. 2d 420, 427-28; *People v. Jendrzejak* (1968), 98 Ill. App. 2d 313, 319.) Legal presumptions are inferences that common sense draws from known facts or events. (*Bullard v. Barnes* (1984), 102 Ill. 2d 505, 517.) Based on such common sense, we conclude that an officer may reasonably presume that the owner of a vehicle is also the driver.

There may be situations in which it may be equally reasonable for an officer to conclude that someone other than the owner, such as a family member, is operating the vehicle. However, the crucial inquiry is not whether other conclusions are also reasonable, but rather whether it is reasonable to conclude that the owner is the driver of the vehicle. Although many vehicles in our society are co-owned, such

co-ownership merely makes it equally reasonable to believe that either one owner or the other may in fact be driving a car. Thus, in this instance, the officer had a reasonable suspicion that the driver was in fact the owner and, therefore, that the driver was driving with a revoked license.

Police knowledge that an owner of a vehicle has a revoked driver's license provides a reasonable suspicion to stop the owner's vehicle for the purpose of ascertaining the status of the license of the driver. Common sense dictates that such information, even alone, is enough to provide a constitutional basis for stopping a vehicle or its occupants. The order of the circuit court quashing defendant's arrest and suppressing the evidence was manifestly erroneous.

For the foregoing reasons, the order of the circuit court of McHenry County is reversed, and the cause is remanded for trial.

Reversed and remanded.

INGLIS, P.J., and DUNN, J., concur.