THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DALE A. SAMPSON, Defendant-Appellant.

Fifth District No. 5—91—0766

Opinion filed January 27, 1994.

Edward Eytalis, of Carterville, for appellant.

Charles Garnati, State's Attorney, of Marion (Norbert J. Goetten, Stephen E. Norris, and Diane L. Campbell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:

After a bench trial, defendant, Dale A. Sampson, was found guilty of driving while license suspended, in violation of section 6—303 of the Illinois Vehicle Code (Ill. Rev. Stat. 1991, ch. 95½, par. 6—303). On appeal, defendant contends that the trial court erred in denying his motion to quash arrest and suppress evidence for lack of probable cause. We affirm.

On January 19, 1991, Williamson County Deputy Sheriff George Reed responded to a report that shots had been fired in a rural area known as the Crenshaw strip area. Close to the scene, Reed saw defendant driving away and ran a license plate check on the vehicle. The dispatcher mistakenly entered the wrong license number and reported to Reed that the owner of defendant's vehicle was wanted on a warrant. In response to this misinformation, Reed stopped defendant. Reed recognized defendant and double-checked the license plate number with the dispatcher. The dispatcher discovered the earlier error and relayed to Reed that an error had been made and that there was no warrant on defendant. Reed then ran a check on the correct license plate number, which revealed that defendant's driver's license was suspended. Defendant admitted to not having a license, so Reed issued a citation. Defendant was charged with driving while license suspended.

The trial court held a hearing on defendant's motion to quash arrest and suppress evidence for lack of probable cause. Defendant contended that since the officer originally stopped him on a mistaken report from the dispatcher, the officer lacked probable cause to subsequently arrest him for driving with a suspended license. The court denied defendant's motion, and a bench trial was held. Defendant was found guilty of driving while license suspended.

Defendant contends that the trial court erred in denying defendant's motion to quash arrest and suppress evidence. Defendant argues that since he was stopped because of mistaken information that he was wanted on a warrant, the court should have quashed the arrest and suppressed the evidence of defendant's suspended license. In support of his argument, defendant cites *People v. Lawson* (1983), 119 Ill.

App. 3d 42, 456 N.E.2d 170. In *Lawson*, the police officer arrived at the defendant's home, stating that he had a warrant for the defendant's arrest. The defendant asked if he could change his clothes, and the officer stated that he could, but the officer would have to accompany the defendant. Once inside the defendant's residence, the officer observed and seized a small amount of cannabis. The officer also searched defendant's coat and found a small quantity of cocaine. When the officer and the defendant arrived at the police station, the officer learned that the warrant on the defendant had already been served. The court held that because the police officer "entered the defendant's dwelling without lawful authority to arrest him in the absence of either exigent circumstances or the voluntary consent of the defendant, his entry was unlawful." (*Lawson*, 119 Ill. App. 3d at 49, 456 N.E.2d at 174.) Further, because the entry into the dwelling was unlawful, the seizure of cannabis from it was illegal. (*Lawson*, 119 Ill. App. 3d at 49, 456 N.E.2d at 175.) Since the officer lacked the authority to arrest the defendant, the search of the defendant's coat, if the search was considered as incident to his arrest, was likewise unlawful and the seizure of the cocaine was illegal. (*Lawson*, 119 Ill. App. 3d at 49, 456 N.E.2d at 175.) The *Lawson* case is distinguishable from the case at bar, however, in that defendant in the case at bar was not arrested as a result of mistaken information as the defendant was in *Lawson*. In the case at bar, defendant was stopped for questioning. His subsequent arrest was based on his actual violation of driving while license suspended, not on the incorrect information that defendant was wanted on a warrant. Although defendant contends that the officer should have released him after realizing defendant was not wanted on a warrant, we do not find such argument persuasive.

As the State correctly points out, defendant was seen driving from the area near the Crenshaw strip where shots had been reported fired. Due to the timing and location, the officer had a reasonable suspicion that defendant might have been involved. The officer had the authority to temporarily stop defendant for questioning. Had the correct information been entered by the dispatcher the first time, the officer would have been informed that defendant was driving with a suspended license. As defendant concedes in his brief, a computerized report that an owner of a vehicle has a suspended license is sufficient to justify the temporary stop of that vehicle to check on the driver's license. (*People v. Barnes* (1987), 152 Ill. App. 3d 1004, 505 N.E.2d 427.) Additionally, had the officer released defendant after discovering the initial error and then run the license check, the officer would still

have discovered that defendant was driving with a suspended license and could have again pursued, stopped, and arrested defendant. Once the dispatcher entered the correct information, the discovery that defendant was driving while license suspended was inevitable, so defendant's arrest was not invalid. *People v. Hicks* (1989), 183 Ill. App. 3d 636, 539 N.E.2d 756.

The trial court was correct in denying defendant's motion to quash arrest and suppress evidence. The officer had the authority to temporarily stop defendant for questioning.

For the foregoing reasons, the judgment of the circuit court of Williamson County is affirmed.

Affirmed.

WELCH and MAAG, JJ., concur.