THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LEE E. BLANKENSHIP, Defendant-Appellant.

Third District No. 3—02—0937

Opinion filed November 15, 2004.

HOLDRIDGE, P.J., specially concurring.

Thomas A. Karalis (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

Jeff Tomczak, State's Attorney, of Joliet (Lawrence M. Bauer and Terry A. Mertel (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

Defendant, Lee Blankenship, was charged by indictment with aggravated unlawful use of a weapon, in violation of section 24—1.6(a)(3)(C) of the Criminal Code of 1961 (720 ILCS 5/24—1.6(a)(3)(C) (West 2002)). Defendant's pretrial motions to quash the arrest, suppress evidence, and exclude evidence of prior convictions were denied. Following a jury trial, defendant was convicted. Defendant appeals the denial of his pretrial motions, and we affirm.

## FACTS

On March 27, 2002, Officer Terry Higgins of the Joliet police department was stopped at a red light behind a green Ford Escort. Though he had not observed any traffic violation, Higgins entered the Escort's license plate number into the computer in his car. The computer check revealed that the car was registered to Sharmel Blankenship, defendant's wife. A vehicle note, or v-note, which had been entered by another Joliet police officer on February 27, 2002, also appeared on the computer. The v-note indicated that defendant frequently drove the Escort, gave a description of defendant, and indicated that as of February 27, 2002, defendant's license was suspended. Higgins observed that the driver of the car matched the description of defendant in the v-note and pulled the Escort over. Defendant was driving the car and was arrested for driving with a suspended license. Police officers searched the car and found a handgun in the glove compartment.

Defendant was charged with aggravated unlawful use of a weapon. He filed a motion to quash his arrest and suppress all evidence, including the gun. In support of the motion, defendant argued that Higgins could not reasonably identify the driver of the car prior to the traffic stop and, therefore, had no reasonable articulable suspicion that defendant was driving the car. The trial court denied the motion.

Defendant also moved to prevent the State from introducing four prior convictions to impeach defendant if he testified. The trial judge granted the motion on two of the convictions, but denied the motion as to the other two, which were both for unlawful use of a weapon by a felon. When defendant testified at trial, the State introduced both prior convictions to impeach defendant.

Following a jury trial, defendant was convicted of aggravated unlawful use of a weapon and sentenced to 22 years' imprisonment.

## ANALYSIS

Defendant first argues that the computer check of his license plate was an improper search, violating the federal and state constitutions. U.S. Const., amend. IV; Ill. Const. 1970, art. I, § 6. The State responds that defendant has waived this issue because he did not raise it in the trial court. To preserve an issue for review, a defendant must object to the alleged error at trial and in a posttrial motion. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) A defendant may not argue on appeal that a motion to suppress should have been granted for reasons not specified in the motion and not argued in the trial court. *People v. Johnson*, 250 Ill. App. 3d 887, 893 (1993).

Although defendant did challenge the propriety of the traffic stop, his challenge was based on Higgins' inability to determine that the driver of the car was the same person described in the v-note. Defendant did not argue that the computer check itself was improper. Because defendant did not properly preserve this issue for appeal, it is waived.

Notwithstanding the waiver issue, we choose to consider defendant's argument on its merits. We review the trial court's determination regarding the reasonableness of a warrantless search *de novo*. *People v. Perez*, 288 Ill. App. 3d 1037, 1043 (1997).

Police may conduct a computer check of a license plate without first observing a traffic violation. *People v. Brand*, 71 Ill. App. 3d 698, 699 (1979). However, defendant argues that the information revealed as a result of such computer checks should be limited. He asks us to adopt the rule announced by the New Jersey Supreme Court in *State v. Donis*, 157 N.J. 44, 723 A.2d 35 (1998). In that case, the court held that when conducting computer checks of license plates, police officers

should not have access to a driver's personal information unless the computer check first indicates a problem with the car's registration or the owner's license.

In *Donis*, two defendants had been stopped by police officers after computer checks of their license plates revealed that the registered owners of the cars had suspended licenses. The court affirmed that police may conduct a computer check of a vehicle's license plate even though no violation has occurred. However, the court was concerned about the type of information available to officers conducting a computer check of a vehicle. After entering a vehicle's license plate number into the computer, the officer had access to the registered owner's name, driver's license number, date of birth, address, social security number, height and weight, the expiration date of the license, and whether the license was suspended. The court determined that automatically disclosing much of this personal information violated New Jersey law, which prohibits the disclosure of "personal information about any individual obtained by the [Division of Motor Vehicles] in connection with a motor vehicle record." N.J. Stat. Ann. § 39:2—3.4 (West 2002).

Like New Jersey law, Illinois law limits disclosure of "personally identifying information obtained by the Secretary of State." 625 ILCS 5/2—123(f—5) (West 2002). The Illinois statute restricts *only* the release of personal information collected by the Secretary of State. Because the information contained in the v-note was provided by another police officer, not the Secretary of State, it was not prohibited by the statute. Thus, the rationale in *Donis* does not apply to the facts of this case, and the trial court properly denied the motion.

Next, defendant argues that even if it was proper for Higgins to read the v-note, Higgins could not identify defendant as the driver of the car. There is a presumption that the driver of a vehicle is also the vehicle's owner. *Village of Lake in the Hills v. Lloyd*, 227 Ill. App. 3d 351, 353 (1992). Defendant concedes this, but argues that police cannot make a presumption as to the identity of the driver if the registered owner of a vehicle is not the same gender as the driver. However, in *Lloyd*, the court stated "[t]here may be situations in which it may be equally reasonable for an officer to conclude that someone other than the owner, such as a family member, is operating the vehicle." *Lloyd*, 227 Ill. App. 3d at 353. The v-note described defendant, stated that he was a frequent driver of the car, and stated that his license was suspended one month earlier. The information contained in the v-note made it reasonable for the officer to conclude that defendant was driving the car and that his license was still suspended.

Finally, defendant argues that it was improper to allow the State to use his prior convictions to impeach him. We review the trial court's decision for an abuse of discretion. *People v. Atkinson*, 186 Ill. 2d 450, 461 (1999). Evidence of prior convictions may be admissible to impeach a criminal defendant if (1) the prior crime was punishable by death or imprisonment for more than one year, or involved dishonesty or false statement, (2) less than 10 years has elapsed since the date of the prior conviction or release from confinement, whichever is later, and (3) the probative value of admitting the prior conviction outweighs the danger of unfair prejudice. *People v. Montgomery*, 47 Ill. 2d 510, 516 (1971).

Defendant argues that admitting the prior convictions unfairly prejudiced him because he was on trial for a similar offense. However, similarity of offenses alone does not mandate exclusion of prior convictions, especially when the trial judge instructs the jury that the prior conviction can only be considered for the purpose of assessing the defendant's credibility. *People v. Atkinson*, 186 Ill. 2d 450, 463 (1999). Here, the trial judge specifically found that the probative value of the prior convictions outweighed the danger of unfair prejudice and instructed the jury of the limited purpose of the prior convictions. The decision to admit the prior convictions was not an abuse of discretion.

## CONCLUSION

The judgment of the circuit court of Will County is affirmed.

Affirmed.

O'BRIEN, J., concurs.

PRESIDING JUSTICE HOLDRIDGE, specially concurring:

I agree with the majority's statement of law that a defendant may not argue on appeal that a motion to suppress should have been granted for reasons not specified in the motion and not argued in the trial court. *People v. Johnson*, 250 Ill. App. 3d 887, 893 (1993). I also agree with the majority's recognition of the well-settled legal proposition that to preserve an issue for review on appeal, a defendant must object to the alleged error at trial and in a posttrial motion. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). I also agree with the majority's observation that the defendant did not argue that the computer check itself was constitutionally improper. Likewise, I am in lockstep with the majority's inescapable conclusion that the defendant did not properly preserve this issue for appeal and it is thus waived. I am, therefore, somewhat at a loss to understand the need to address this

issue. I see no reason to discuss the issue further, and I refrain from comment on the majority's analysis of that issue.

On the two issues that were properly before this court, I concur in the majority's decision to affirm the trial court. Since the propriety of the officer checking the license plate number is not at issue in the instant matter, the question remains whether the officer could stop the defendant based upon the information contained in the v-note. This is simply a question of whether the officer had a reasonable articulable suspicion that the defendant was committing, had committed or was about to commit a crime. *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968). An objective standard applies to a review of a *Terry* stop. A police officer need only point to specific and articulable facts that, taken together with any rational inferences from those facts, justify the stop. *People v. Culbertson*, 305 Ill. App. 3d 1015 (1999). Reasonable suspicion is a less stringent standard than probable cause. *People v. Lampitok*, 207 Ill. 2d 231 (2003).

Here, the arresting officer had information that a specific green Ford Escort, with a specific license plate number, driven by a man fitting the general physical description of the defendant, was being operated by a driver with a suspended driver's license. The defendant maintains that the officer could not be sure that he was the same person who had previously operated the vehicle on a suspended license. Alternatively, if he was the same driver, the officer could not have known that his driver's license was still suspended. If probable cause were required to justify stopping the defendant, I would agree. However, the officer only needed a reasonable suspicion that the driver was operating the car on a suspended license in order to stop and briefly detain the defendant for further investigation. Under the facts of this case, it was reasonable to infer that the defendant was the same driver who had been stopped for driving this vehicle a month before and that his license was still suspended. A brief stop to ascertain whether these assumptions were valid was appropriate.

Finally, I agree the majority's conclusion that the trial court did not abuse its discretion in determining that the probative value of the defendant's prior conviction outweighed the danger of undue prejudice, in light of the limiting instruction.