NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 220154-U

NO. 4-22-0154

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 20, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Knox County |
| GAVIN P. JONES, | ) | No. 20TR3104 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Raymond A. Cavanaugh, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Presiding Justice Knecht and Justice Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*: Pursuant to *Anders v. California*, 386 U.S. 738 (1967), the appellate court granted the Office of the State Appellate Defender's motion to withdraw because no meritorious issues could be raised on appeal.

¶ 2    In May 2021, a jury found defendant, Gavin P. Jones, guilty of driving while his license was suspended (625 ILCS 5/6-303 (West 2020)). On July 14, 2021, the trial court sentenced him to 180 days in jail, with credit for time served. Defendant appealed, and this court appointed the Office of the State Appellate Defender (OSAD) as appellate counsel. In June 2022, OSAD filed a motion to withdraw with an accompanying Memorandum of Law, pursuant to both state and federal law. OSAD confirmed it reviewed the record, identified three potential issues, and explained why it believed this case presented no potentially meritorious issues for review. As required, OSAD notified defendant, providing him with a copy of the motion and memorandum. We granted defendant 35 days to respond, and he submitted a timely handwritten

response opposing OSAD's motion. We agree with OSAD's analysis, grant OSAD's motion to withdraw as counsel, and affirm the trial court's judgment.

¶ 3                              I. BACKGROUND

¶ 4        In September 2020, defendant was charged with unlawful possession of methamphetamine (720 ILCS 646/60 (West 2020)) (Knox County case No. 20-CF-528), unlawful possession of methamphetamine with intent to deliver (720 ILCS 646/55 (West 2020)) (Knox County case No. 20-CF-528), and driving while his license was suspended (625 ILCS 5/6-303 (West 2020)) (Knox County case No. 20-TR-3104). Issues related to case No. 20-CF-528 are under separate appellate review.

¶ 5        The State presented testimony from Officer Dan Williams. Williams testified on September 17, 2020, at approximately 2 p.m., he observed defendant driving a yellow Mustang. Williams had previously run defendant's license plates and knew defendant's driver's license was suspended. Williams followed the vehicle and activated his emergency lights. Williams testified defendant proceeded to make a wide left turn into a church parking lot before coming to a stop. As defendant turned into the parking lot, defendant "leaned across the passenger's seat and threw an item out the passenger window." The item was later identified as a bag containing 8.4 grams of methamphetamine. Williams approached the vehicle and asked defendant for his driver's license and proof of insurance. Defendant told Williams his driver's license was suspended and that he did not have insurance. The State introduced into evidence a certified copy of defendant's driving abstract, which indicated defendant had a suspended license on September 17, 2020.

¶ 6        At the close of the State's evidence, the defense rested. During closing arguments, defense counsel stated, "[T]here are some things that are absolutely not in dispute right now, and

one of those is that, yes, my client was driving and he was suspended, but that's the only thing that isn't in dispute right now." Based upon the evidence presented, the jury found defendant guilty of unlawful possession of methamphetamine with intent to deliver, unlawful possession of methamphetamine, and driving while license suspended.

¶ 7    On July 14, 2021, the trial court sentenced defendant to 180 days' imprisonment in the county jail, with credit for time served in case No. 20-TR-3104. Defendant, *pro se*, filed a notice of appeal, and on February 24, 2022, his late notice of appeal was allowed.

¶ 8    This appeal followed.

¶ 9                                    II. ANALYSIS

¶ 10    In its memorandum, OSAD addresses several potential arguments defendant could raise, including (1) whether trial counsel was ineffective for not moving to suppress Officer Williams's traffic stop of defendant, (2) whether defendant was proven guilty beyond a reasonable doubt, and (3) whether trial counsel provided ineffective assistance when he conceded during his closing argument defendant was guilty of driving while license suspended. However, OSAD contends appeal of this case would be frivolous. Defendant argues in his response to the motion that his trial counsel was ineffective for "not getting the case thrown out due to there being no probable cause to pull [him] over in this case." We agree with OSAD, grant its motion to withdraw as counsel, and affirm the trial court's judgment.

¶ 11                              A. Motion to Suppress

¶ 12    OSAD first contends no meritorious argument can be made trial counsel provided ineffective assistance for not moving to suppress defendant's traffic stop. Defendant argues trial counsel was ineffective for failing to "get[ ] the case thrown out due to there being no probable cause to pull [him] over." We agree with OSAD.

¶ 13    Claims of ineffective assistance of counsel are analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *People v. Veach*, 2017 IL 120649, ¶ 29, 89 N.E.3d 366. To prevail, "a defendant must show that counsel's performance was (1) deficient and (2) prejudicial." *People v. Westfall*, 2018 IL App (4th) 150997, ¶ 61, 115 N.E.3d 1148. "Failure to satisfy either prong negates a claim of ineffective assistance of counsel." *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 88, 129 N.E.3d 755.

¶ 14    To establish deficient performance, the defendant must show "counsel's performance 'fell below an objective standard of reasonableness.' " *People v. Valdez*, 2016 IL 119860, ¶ 14, 67 N.E.3d 233 (quoting *Strickland*, 466 U.S. at 688). " '[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. [Citation.]' " *People v. Manning*, 241 Ill. 2d 319, 334, 948 N.E.2d 542, 551 (2011) (quoting *Strickland*, 466 U.S. at 689). Defense counsel need not make futile motions to be considered effective. *People v. Bradford*, 2019 IL App (4th) 170148, ¶ 14, 123 N.E.3d 1285. Decisions whether to move to suppress evidence are matters of trial strategy, and "counsel enjoys the strong presumption" that decisions not to file suppression motions are proper. *People v. Spann*, 332 Ill. App. 3d 425, 432, 773 N.E.2d 59, 66 (2002).

¶ 15    In order for a defendant to establish he was prejudiced by counsel's failure to file a motion to suppress, he must show a reasonable probability the motion would have been granted and the outcome of the trial would have been different if the evidence at issue had been suppressed. *People v. Henderson*, 2013 IL 114040, ¶ 15, 989 N.E.2d 192. "[*Terry v. Ohio*, 392 U.S. 1, 21-22 (1968)] authorizes a police officer to effect a limited investigatory stop where there

exists a reasonable suspicion, based upon specific and articulable facts, that the person detained has committed or is about to commit a crime." *People v. Galvez*, 401 Ill. App. 3d 716, 718, 930 N.E.2d 473, 474 (2010). "Illinois courts have held that a police officer may pull over a vehicle upon learning that the vehicle's registered owner has a license that has been suspended or revoked." *Galvez*, 401 Ill. App. 3d at 718. Admittedly, in *Galvez*, the court distinguished between one-owner and multi-owner vehicles when finding it was reasonable for an officer to infer the person actually driving the vehicle was the owner. *Galvez*, 401 Ill. App. 3d at 719. They cited, however, our case, *People v. Barnes*, 152 Ill. App. 3d 1004, 505 N.E.2d 427 (1987), and their own case, *Village of Lake in the Hills v. Lloyd*, 227 Ill. App. 3d 351, 591 N.E.2d 524 (1992) (both one-owner cases), as justification for the conclusion that "when the police are aware that an owner of a vehicle has a revoked driver's license, '[c]ommon sense dictates such information, even alone, is enough to provide a constitutional basis for stopping a vehicle or its occupants.' " *Galvez*, 401 Ill. App. 3d at 718 (quoting *Lloyd*, 227 Ill. App. 3d. at 354).

¶ 16        Here, Williams testified he was familiar with defendant's vehicle because he had previously run defendant's license plates and knew defendant's license was suspended. Williams observed defendant driving the vehicle and initiated a traffic stop. Knowing defendant's license was suspended, Williams observed defendant committing a traffic violation in his presence, and therefore, he had not merely a reasonable suspicion, but probable cause to stop and effect an arrest. Although not relevant to the basis for the stop, Defendant admitted to Williams his license was suspended. In addition, defendant's certified driving abstract indicated his driver's license was suspended on September 17, 2020. Defendant cannot establish prejudice because he cannot show a reasonable probability the motion to suppress would have been granted. Therefore, we

agree with OSAD no argument can be made defense counsel was ineffective for not filing a motion to suppress the traffic stop.

¶ 17                              B. Sufficiency of the Evidence

¶ 18          OSAD next contends no meritorious argument can be made to challenge the sufficiency of the evidence to sustain defendant's conviction for driving while license suspended.

¶ 19          When considering a defendant's challenge to the sufficiency of the evidence to convict, we will not disturb the fact finder's decision if any rational trier of fact could have found the State proved the essential elements of the crime beyond a reasonable doubt when the evidence is viewed in a light most favorable to the State. *People v. Wheeler*, 226 Ill. 2d 92, 114, 871 N.E.2d 728, 740 (2007). The State was required to prove beyond a reasonable doubt defendant drove or was in actual physical control of a motor vehicle on any Illinois highway at a time when his driver's license was suspended. 625 ILCS 5/6-303(a) (West 2020).

¶ 20          In this case, the State presented testimony from Officer Williams indicating he initiated the traffic stop because he was familiar with defendant and knew defendant's driver's license was suspended. Defendant admitted his license was suspended during the traffic stop, and the State presented a certified copy of defendant's driving abstract, confirming defendant's driver's license was suspended on September 17, 2020. Based on the evidence presented, we agree with OSAD and find no reasonable argument could be made to challenge the sufficiency of the evidence to sustain defendant's conviction for driving on a suspended license.

¶ 21                              C. Closing Argument

¶ 22          Finally, OSAD contends no meritorious argument can be made defense counsel provided ineffective assistance when he conceded during his closing argument defendant was guilty of driving while his license was suspended.

¶ 23       A claim of ineffective assistance of counsel typically requires a defendant to meet the two-part test of *Strickland*. *People v. Nieves*, 192 Ill. 2d 487, 494, 737 N.E.2d 150, 154 (2000). A defendant must show (1) his counsel's performance was deficient as measured against an objective standard of reasonableness under prevailing professional norms and (2) defense counsel's deficient performance prejudiced the defendant. *Strickland*, 466 U.S. at 687-88.

¶ 24       Where, as here, counsel concedes defendant's guilt, the defendant need not always show defense counsel's performance prejudiced the defendant. *People v. Hattery*, 109 Ill. 2d 449, 461, 488 N.E.2d 513, 517 (1985). Prejudice to the defendant will be presumed "[w]here 'counsel entirely fails to subject the prosecution's case to meaningful adversarial testing.' " *Hattery*, 109 Ill. 2d at 461 (quoting *United States v. Cronic*, 466 U.S. 648, 659 (1984)). It is not, however, *per se* ineffectiveness where defense counsel concedes his client's guilt to offenses on which there is overwhelming evidence against the defendant, especially "when counsel presents a strong defense to the other charges." *People v. Johnson*, 128 Ill. 2d 253, 269, 538 N.E.2d 1118, 1124-25 (1989).

¶ 25       The evidence against defendant on the driving while license suspended charge was overwhelming. Defense counsel apparently developed a strategy in which counsel would concede and admit the driving on a suspended license charge to gain credibility with the jury to fight the unlawful possession of methamphetamine and unlawful possession of methamphetamine with intent to deliver charges. Williams testified defendant admitted his license was suspended during the traffic stop. In addition, Williams had previously run defendant's license plates and knew defendant's license was suspended. Further, the State introduced a certified copy of defendant's driving abstract indicating defendant's driver's license was suspended on the day of the traffic stop. The evidence strongly corroborated the concession.

We find defense counsel's decision to concede the traffic offense was a matter of trial strategy. Therefore, we agree with OSAD no argument can be made defendant received ineffective assistance of counsel regarding the driving while license suspended charge.

¶ 26                                    III. CONCLUSION

¶ 27            For the reasons stated, we grant OSAD's motion to withdraw as counsel and affirm the trial court's judgment.

¶ 28            Affirmed.