**STATE of Iowa, Appellee,**

v.

**Jeffrey MILLS, Appellant.**

No. 89–475.

Court of Appeals of Iowa.

April 24, 1990.

Stephen J. Rapp, Waterloo, for appellant.

Thomas J. Miller, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., James M. Metcalf, County Atty., and D. Raymond Walton, Asst. County Atty., for appellee.

Considered by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

DONIELSON, Presiding Judge.

In early September 1988, an informant told Officer Mark Meyer of the Waterloo Police Department that some young black males from Minnesota were dealing crack cocaine in the vicinity of the Block Lounge. The informant stated the sellers were staying in or around the 1700 block of East Fourth Street.

In mid-September, another informant approached Officer Mark Meyer and told him three young black males from the Minneapolis area were selling rock cocaine in the north end area of Waterloo. The informant claimed the men were seen driving an early '80s full-sized blue Oldsmobile with Minnesota plates. The informant told Meyer the men were selling in the area of the Block Lounge in the 800 block of East Fourth Street.

Also in mid-September, Officer Mark Meyer saw a brown Cadillac at the intersection of East Fourth and Almond. Officer Meyer routinely ran registration checks on vehicles with out-of-state license plates when they were located in areas of high crime or where drug trafficking was prevalent. Officer Meyer ran a check on the Cadillac and learned it was registered to a Bishop Hence from Minneapolis.

A few days after he had run the registration check on the Cadillac, Investigator Ann Meyer conveyed to Officer Mark Meyer information she had received from an informant. The informant had told Investigator Meyer that three young black males were in Waterloo from the Minneapolis area and were dealing cocaine. The informant claimed the three black males had been seen staying in the 1700 block of East Fourth Street and an older person by the first name of Bishop was connected with these three males and might possibly be providing them with cocaine to sell. The informant stated Bishop was usually the driver of a brown Cadillac with Minnesota plates and the vehicle had been seen in Waterloo.

On October 6, 1988, Officer Mark Meyer saw the brown Cadillac parked at the rear of 1719 East Fourth Street. He watched five persons get in the vehicle and drive to 542 Dawson, where the five entered a home. When they disembarked at the Dawson Street address, Officer Meyer observed the driver appeared to be older than the other occupants of the vehicle. Meyer then sought verification of the ownership of the auto. The vehicle was registered to Bishop Hence, and a check on Hence's driving record revealed he did not have a valid license.

The five men later reentered the car. With assistance from other officers, the vehicle was stopped. The observation of crack cocaine in the auto led to the search and arrest of all of the occupants.

Defendant Mills, a passenger in the auto, was found guilty of possession of cocaine with intent to deliver and conspiracy to possess cocaine with intent to deliver. The district court entered a judgment and sentenced Mills on the possession charge only. Mills has appealed.

Mills contends the police lacked reasonable cause to stop the vehicle in which he was a passenger. He contends the evidence seized during the search of the vehicle and its occupants should have been suppressed. Mills argues his conviction is not supported by substantial evidence because no drugs were found on his person or in his coat. Mills also claims the district court erred in submitting a conspiracy instruction.

I. *Reasonableness of Stop.* When confronted with an alleged constitutional violation, we resolve the issue by making our own independent evaluation of the totality of the circumstances. *State v. Johnson,* 395 N.W.2d 661, 663 (Iowa App.1986); *State v. Conger,* 375 N.W.2d 278, 279 (Iowa App.1985). Our review is de novo. *State v. Harlan,* 301 N.W.2d 717, 718 (Iowa 1981).

Defendant alleges a violation of his fourth amendment rights. The governing constitutional principles are well settled. The law, as outlined in *State v. Aschenbrenner*, 289 N.W.2d 618, 619 (Iowa 1980), provides:

> An officer must have reasonable cause to stop a vehicle. In order to establish reasonable cause when the grounds are challenged, the State must show that the officer had specific and articulable cause to support a reasonable belief that criminal activity may have occurred. Officers are bound by their true reason for making the stop. They may not rely on reasons they could have had but did not actually have. If the State fails in its burden, evidence taken as a result of the stop must be suppressed. (Citations omitted.)

Circumstances giving rise to mere suspicion or curiosity will not suffice. *State v. Dixon*, 241 N.W.2d 21, 23 (Iowa 1976).

■ The United States Supreme Court has held it is reasonable for officers to stop a car and detain the driver to check the driver's license if the officers have "at least articulable and reasonable suspicion that a motorist is unlicensed. . . ." *Delaware v. Prouse*, 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660, 673 (1979). We find the officers here had such a suspicion. Once the officers determined the vehicle's owner had a suspended driver's license, they had a reasonable suspicion sufficient to justify a stop. *State v. Jackson*, 315 N.W.2d 766, 767 (Iowa 1982). It was reasonable to infer the vehicle was being driven by its owner given the absence of evidence to the contrary. The district court did not err in denying defendant's motion to suppress.

II. *Sufficiency of the Evidence.* Mills claims the verdict of guilty was not supported by substantial evidence. We will uphold a verdict where there is substantial evidence in the record tending to support the charge. *State v. Wheeler*, 403 N.W.2d 58, 60 (Iowa App.1987). The standards governing a challenge to the sufficiency of the evidence are well established:

> When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the state, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the evidence in the record. Direct and circumstantial evidence are equally probative so long as the evidence raises "a fair inference of guilt and [does] more than create speculation, suspicion, or conjecture." It is necessary to consider all the evidence in the record and not just the evidence supporting the verdict to determine whether there is substantial evidence to support the charge. Substantial evidence means evidence which would convince a rational factfinder [sic] that the defendant is guilty beyond a reasonable doubt.

*Id.* (citations omitted). It is the task of the fact finder to resolve questions of fact and assess the credibility of the witnesses. *State v. Dahlstrom*, 224 N.W.2d 443, 448 (Iowa 1974). A fact finder is not required to accept a defendant's version of the facts. *State v. Wilkens*, 346 N.W.2d 16, 20 (Iowa 1984).

■ Viewing the evidence in the light most favorable to the State, the jury could have concluded Mills was guilty beyond a reasonable doubt of the crimes for which he was charged. A substantial amount of cocaine was found in the vehicle and on the other passengers. The numerous packages of crack found in the vehicle were accessible to all of the occupants. Subsequent to Mills' pat down by the officers, a plastic bag containing crack cocaine was found at his feet. The circumstances of this case are such that a jury could find Mills was in constructive possession of the drugs found in the car.

Furthermore, a search of Mills found he was in possession of a large amount of money. $635 was found in his sock, and approximately $170 was concealed in his shoe. The other occupants of the vehicle had very little cash. Consistent with police testimony that was presented regarding the practice of drug traffickers, the jury could have concluded Mills was the individual in the group responsible for collecting or holding the money from drug sales.

The evidence was sufficient to sustain the jury verdict that Mills was guilty of possessing cocaine with the intent to deliver. As no judgment was entered on the guilty verdict relating to conspiracy, we decline to address whether sufficient evidence supported that verdict.

III. *Conspiracy Instruction.* Mills was found guilty by the jury of both possession with intent to deliver a controlled substance and conspiracy to possess with intent to deliver a controlled substance. Mills objected at trial to the conspiracy instruction. Pursuant to Iowa Code section 706.4, the trial court declined to enter a conviction or sentence on the crime of conspiracy. *See State v. Williams,* 305 N.W.2d 428, 434 (Iowa 1981) (defendant could not be sentenced on both conspiracy and the underlying substantive offense).

Mills now claims the guilty verdict for conspiracy should be ordered stricken. Mills provides no persuasive authority for this position, and we decline to address the merits of this issue. Defendant's conviction is affirmed.

AFFIRMED.