2000 ME 175

**STATE of Maine**

v.

**Susan EKLUND.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 14, 2000.
Decided Oct. 19, 2000.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, for State.

Edmond R. Folsom, the Boulos Law Firm, Saco, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] Susan Eklund appeals from the judgment of conviction entered by the Superior Court (Cumberland County, *Fritzsche, J.*) following a jury-waived trial. Eklund was convicted of operating a motor vehicle while her license was revoked based on her status as an habitual offender (Class C) in violation of 29–A M.R.S.A. § 2557 (Supp.1999).[1] Eklund challenges

---

1. Title 29–A, section 2557 provides in relevant part:

    1. **Crime.** A person commits a crime as defined in subsection 2 if that person operates a motor vehicle on a public way, as defined in Title 17–A, section 505, subsection 2, when that person's license to operate a motor vehicle has been revoked under this subchapter or former Title 29, chapter 18–A and that person:

    A. Has received written notice of the revocation from the Secretary of State;
    B. Has been orally informed of the revocation by a law enforcement officer;
    C. Has actual knowledge of the revocation; or
    D. Is a person to whom written notice was sent in accordance with section 2482 or former Title 29, section 2241, subsection 4.

the ruling of the court (*Warren, J.*) denying her motion to suppress evidence procured following the stop of her vehicle by the police. She argues that the officer making the stop lacked a reasonable, articulable suspicion justifying the stop. We disagree and affirm the judgment.

[¶ 2] On May 3, 1999, Officer Scott Corbett was on routine patrol in South Portland. In the course of his patrol, he observed a black Camaro turn onto the street on which he was driving. The car had a bumper sticker that read "Susan's Fish & Chips." At some point prior to his observation of the vehicle, another officer had told him that there was a woman by the name of Susan Eklund who owned a black Camaro and had a suspended license. The officer had also told Corbett that Eklund owned a restaurant called "Susan's Fish & Chips." Corbett observed that the driver of the car was a woman.

[¶ 3] Corbett attempted to run a registration check on the vehicle, but before he could get a response, the car pulled into a convenience store parking lot and came to a stop. Corbett pulled in behind the Camaro, blocking its egress, and approached the driver. He asked the driver for identification, and she provided him with the registration for the vehicle. The registration indicated that the car was registered to Susan Eklund and the driver stated that she was Susan Eklund. A subsequent license check revealed that Eklund's license was suspended based on her status as an habitual offender.

[¶ 4] Eklund was indicted on charges of operating a motor vehicle at a time when her license had been revoked as an habitual offender. She moved to suppress the evidence gathered as a result of her vehicle stop. The trial court denied her motion and subsequently found her guilty following a jury-waived trial. She now appeals from the court's judgment of conviction.

[¶ 5] Eklund argues that Officer Corbett lacked a reasonable, articulable suspicion of wrongdoing at the time he stopped her vehicle. The State does not dispute that Eklund was stopped within the meaning of the Fourth Amendment, and Eklund does not dispute the facts as found by the trial court that gave rise to Corbett's suspicions. Therefore, the only issue we must determine in this case is whether Corbett's suspicion is "objectively reasonable in the totality of the circumstances." *State v. Lux,* 1999 ME 136, ¶ 8, 740 A.2d 556, 558 (citation and internal quotation marks omitted). We review such determinations de novo. *See State v. Connors,* 1999 ME 125, ¶ 8, 734 A.2d 195, 198 (when challenge is to legal conclusion only, review is de novo).

[¶ 6] "When determining whether a law enforcement official had articulable suspicion, the key is what the officer observed, and whether it was reasonable in the totality of the circumstances known to him to conclude that a stop was justified." *Id.* ¶ 9, 734 A.2d at 198 (citations and internal quotation marks omitted). "Reasonable suspicion is 'considerably less than proof of wrongdoing by a preponderance of the evidence ... [and] is obviously less demanding than that for probable cause.'" *Id.* ¶ 8, 734 A.2d at 198 (quoting *United States v. Sokolow,* 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989)) (alterations in original). The suspicion needs to be based on "more than speculation or an unsubstantiated hunch," however. *See State v. Buxton,* 687 A.2d 227, 228 (Me.1996) (internal quotation marks omitted).

**2. Offense; penalty.** Violation of this section is:

. . . .

**B.** A class C crime if:
**(1)** The person has one or more convictions for operating after revocation under this section or under former Title 29, section 2298 within the previous 10 years; or
**(2)** The person has one or more convictions for violating section 2411 or former Title 29, section 1312–B within the previous 10 years.

29–A M.R.S.A. § 2557 (Supp.1999).

[¶ 7] In this case, the officer's background knowledge regarding Eklund coupled with his observations of the black Camaro driven by a female, and bearing the bumper sticker with the name of Eklund's restaurant, sufficiently justify his investigatory detention in order to confirm his suspicions regarding the identity of the driver and thereby confirm his suspicion of wrongdoing, i.e., operation of a motor vehicle by an individual with a suspended license. The stop did not violate the Fourth Amendment.[2]

The entry is:

Judgment affirmed.

---

2. Eklund argues that the State could not have carried its burden of demonstrating the reasonableness of the stop without also producing at the suppression hearing the officer who provided the background facts to Corbett. Eklund did not object to Corbett's testimony on this ground at the suppression hearing, however, and did not otherwise raise the issue until this appeal. We may review this issue, therefore, only for obvious error, defined as "a seriously prejudicial error tending to produce manifest injustice." *State v. Marden*, 673 A.2d 1304, 1311 (Me.1996) (citation and internal quotation marks omitted). We conclude that even if there were error, it would not be "so highly prejudicial and so taint[ ] the proceedings as to virtually deprive the defendant of a fair [hearing]." *Id.*