2006 ME 105

**STATE of Maine**

v.

**Donald G. TOZIER.**

Supreme Judicial Court of Maine.

Submitted On Briefs: July 18, 2006.

Decided: Aug. 28, 2006.

---

Michael E. Povich, District Attorney, William B. Entwisle, Asst. Dist. Atty., Ellsworth, for State.

Robert C. Granger, Esq., Roy, Beardsley, Williams & Granger, LLC, Ellsworth, for defendant.

Panel: SAUFLEY, C.J., and DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

SAUFLEY, C.J.

[¶ 1] The State appeals from a ruling of the Superior Court (Hancock County, *Mead J.*) granting Donald G. Tozier's motion to suppress evidence obtained when a state trooper pulled over the car Tozier was driving. The State argues that the trooper was justified in making the stop because he identified the vehicle as Tozier's, knew Tozier's license was under suspension, saw that the driver was male, and suspected that Tozier was committing the crime of operating while his license was suspended. 29–A M.R.S. § 2412–A(1–A)(A) (2005). Because we conclude that the stop was justified, we vacate the grant of Tozier's motion to suppress and remand the matter for further proceedings.

## I. BACKGROUND

[¶ 2] The following facts are not in dispute. On May 24, 2005, a state trooper saw a pickup pass by and noticed that the driver, the only occupant of the vehicle, was male. When he ran a registration check on the pickup from his cruiser, he learned that the pickup was registered to Tozier and that Tozier's license was under suspension. He signaled the pickup to pull over, and once it was stopped he identified Tozier as the driver.

[¶ 3] Tozier was charged with operating while his license was suspended, 29–A M.R.S. § 2412–A(1–A)(A) (Class E), and pleaded not guilty. He moved to suppress all evidence procured as a result of the traffic stop. After a hearing, the court granted the motion to suppress, ruling that articulable suspicion does not exist solely because a vehicle owned by a suspended driver is being operated on a public way and the driver is of the same gender as the owner.

[¶ 4] With the approval of the Attorney General, the State timely appealed. *See*

15 M.R.S. § 2115–A (2005); M.R.App. P. 21.

## II. DISCUSSION

[¶ 5] The issue before us is straightforward. We are called upon to determine whether an officer is justified in stopping a vehicle when the officer, who is not familiar with the car's owner, learns, by running the license plate number, that the registered owner's license is suspended; observes that the driver is of the same gender as the registered owner; and suspects that the driver is the owner.

[¶ 6] An investigatory traffic stop comports with the Fourth Amendment of the United States Constitution and article I, section 5 of the Maine Constitution if, at the time of the stop, the officer has an "articulable suspicion that criminal conduct has taken place, is occurring, or imminently will occur, and the officer's assessment of the existence of specific and articulable facts sufficient to warrant the stop is objectively reasonable in the totality of the circumstances." *State v. Lafond*, 2002 ME 124, ¶ 6, 802 A.2d 425, 427–28 (quotation marks omitted). The reasonable and articulable suspicion need not rise to the level of probable cause, but it also cannot be based on mere speculation or an unsubstantiated hunch. *Id.* ¶ 6, 802 A.2d at 428. When the facts upon which a motion was decided are not in dispute, we review de novo the motion court's ruling on suppression. *State v. Eklund*, 2000 ME 175, ¶ 5, 760 A.2d 622, 624.

[¶ 7] The United States Supreme Court has held that an officer violates the Fourth Amendment if the officer stops a vehicle to check a driver's license and registration when the officer observes no violations and lacks a reasonable and articulable suspicion that the vehicle is unregistered or the driver is unlicensed or otherwise subject to seizure for a violation of law. *Delaware v. Prouse*, 440 U.S. 648, 663, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). Similarly, we held that a stop violated the Fourth Amendment when an officer merely had an inarticulate hunch about a vehicle the officer saw driving through a less traveled part of a mall parking lot. *State v. Chapman*, 495 A.2d 314, 315, 318 (Me.1985).

[¶ 8] In contrast, we held that a stop was justified when the officer thought he recognized the driver of a car, ran a registration check on the vehicle, and learned that it was registered to that driver and the driver's license was suspended. *State v. Huether*, 2000 ME 59, ¶¶ 2–3, 7, 748 A.2d 993, 994–95. We also upheld a stop that resulted from an officer's observation of a vehicle that matched information he had received from a fellow officer concerning a woman with a suspended license. *Eklund*, 2000 ME 175, ¶¶ 2–3, 7, 760 A.2d at 624–25. There, the officer knew the model and color of the woman's vehicle and knew that she owned the restaurant advertised on the car's bumper sticker. *Id.* ¶ 2, 760 A.2d at 624. In another case, we concluded that a stop comported with the Fourth Amendment when the police department received an anonymous tip identifying the location of a suspended driver who was operating a motor vehicle and verified the suspension, after which an officer observed the suspended driver's vehicle on a public way and stopped the vehicle. *State v. Lawton*, 581 A.2d 793, 793–95 (Me.1990).

[¶ 9] Although we have not yet considered the narrow issue presented to us today, courts that have confronted the issue uniformly hold that an officer does not violate the Fourth Amendment by making a traffic stop when the officer randomly checks a license plate number of a vehicle on a public road, learns the owner's license has been suspended or revoked, and observes no other circumstances that demon-

strate the driver is not the vehicle's owner. *See, e.g., Village of Lake in the Hills v. Lloyd,* 227 Ill.App.3d 351, 169 Ill.Dec. 351, 591 N.E.2d 524 (1992); *State v. Ritter,* 801 N.E.2d 689 (Ind.Ct.App.2004); *State v. Mills,* 458 N.W.2d 395, 396–97 (Iowa Ct. App.1990); *People v. Jones,* 260 Mich.App. 424, 678 N.W.2d 627 (2004); *State v. Pike,* 551 N.W.2d 919 (Minn.1996); *State v. Richter,* 145 N.H. 640, 765 A.2d 687 (2000); *State v. Panko,* 101 Or.App. 6, 788 P.2d 1026 (1990). These courts each concluded that it is reasonable to suspect that the driver of a vehicle is its registered owner, absent indications to the contrary. *See, e.g., Lloyd,* 169 Ill.Dec. 351, 591 N.E.2d at 525–26; *Ritter,* 801 N.E.2d at 693; *Mills,* 458 N.W.2d at 397.[1]

[¶ 10] Applying the same analysis, we conclude that Tozier's Fourth Amendment rights were not violated. Although it is possible that a driver under suspension could register a vehicle and that others of the same gender could drive it, it is reasonable for an officer to suspect that the owner is driving the vehicle, absent other circumstances that demonstrate the owner is not driving. For purposes of the investigatory stop before us, the trooper had a reasonable articulable suspicion that Tozier was operating a motor vehicle while his license was suspended.

The entry is:

Granting of motion to suppress vacated. Remanded for entry of an order denying the motion to suppress and for further proceedings.

---

1. One court explicitly noted that if the driver were of a different gender than the owner, the officer would lack reasonable grounds to assume the owner was driving. *People v. Jones,* 260 Mich.App. 424, 678 N.W.2d 627, 631 n. 4 (2004).