STATE OF MAINE                                SUPERIOR COURT
PENOBSCOT, ss.                                Docket No.: 08-CR-781

FILED & ENTERED
SUPERIOR COURT

DEC 0 3 2008

PENOBSCOT COUNTY

State of Maine,

**DECISION AND ORDER**

v.

Fred Hayman, Jr.,

    Defendant

This matter was heard on October 30, 2008, on Defendant's Motion to Suppress. Assistant District Attorney Greg Campbell represented the State. Attorney Gary Prolman represented the Defendant.

Through his motion, Defendant seeks to exclude from evidence at trial information obtained by the State after law enforcement officers stopped Defendant while he was operating his motor vehicle on June 20, 2008.

Factual Background

The hearing revealed that on June 20, 2008, at approximately 9:50 p.m., Officer Douglas Smith of the Bangor Police Department observed that as Defendant's vehicle entered the on ramp to Interstate 395, the vehicle crossed the fog line and nearly struck the barrier on the left side of the ramp. As Officer Smith followed the Defendant's vehicle along Interstate 395 for a short distance, he observed the vehicle continuously move back and forth within the Defendant's lane of travel, and on two occasions, the vehicle touched the centerline. Officer Smith then stopped the vehicle.

When he arrived at the vehicle and encountered the Defendant, Officer Smith noted that the Defendant's eyes were glassy and bloodshot. Officer Smith also detected the odor of alcohol emanating from the vehicle. While he was still in the vehicle, Defendant informed Officer Smith that he had been at a wedding rehearsal dinner, and had consumed "a couple of drinks" an hour earlier. According to Officer Smith, the Defendant's speech was slurred, and he did not immediately respond to the questions posed by Officer Smith.

Upon Officer Smith's request, the Defendant exited the vehicle. As he did, he used the car door to assist with his balance. When asked to rate his sobriety on a scale of 1 to 10, Defendant responded with "5". Officer Smith then asked the Defendant to perform several field sobriety tests.

Officer Smith first attempted to conduct an HGN test. However, the Defendant did not follow Officer Smith's instruction to watch the stimulus with his eyes only. Instead, the Defendant followed the stimulus by moving his head. Any results of of the HGN test would, therefore, be unreliable.

At Officer Smith's request, the Defendant then attempted to perform the "walk and turn" test. During the instruction stage, the Defendant lost his balance. Subsequently, the Defendant informed Officer Smith that he had recently had knee surgery. Based upon Defendant's representation, Officer Smith decided not to ask the Defendant to perform any additional tests that required walking or standing.

Officer Smith then asked the Defendant to write a portion of the alphabet and additional information on a piece of paper that Officer Smith provided. The Defendant did not complete the test successfully. The Defendant also failed to complete the finger dexterity test as instructed.

At the conclusion of the finger dexterity test, Officer Smith asked the Defendant whether he would have driven had he had the opportunity to do it over again. The

Defendant stated that he probably should not have been driving. Officer Smith then placed the Defendant under arrest for suspicion for operating under the influence. At the local police station, Defendant submitted to the intoxilyzer test. While waiting for the results of the test, the Defendant said that he would probably fail the test.

## Discussion

Through his motion, Defendant argues that the stop of his vehicle was improper, and that the statements that he subsequently made should be excluded because he did not have the benefit of a *Miranda* warning when he made the statements.

"An investigatory traffic stop comports with the Fourth Amendment of the United States Constitution and article I, section 5 of the Maine Constitution if, at the time of the stop, the officer has an 'articulable suspicion that criminal conduct has taken place, is occurring, or imminently will occur, and the officer's assessment of the existence of specific and articulable facts sufficient to warrant the stop is objectively reasonable in the totality of the circumstances.' The reasonable and articulable suspicion need not rise to the level of probable cause, but it also cannot be based on mere speculation or an unsubstantiated hunch." *State v. Tozier*, 2006 ME 105, ¶ 6, 905 A.2d 836, 838 (*quoting, State v. Lafond*, 2002 ME 124, ¶ 6, 802 A.2d 425, 427-28)).

In support of his argument, Defendant maintains that because of certain police department policies regarding the number of vehicles that each officer was expected to stop each month, Officer Smith was predisposed to stop the Defendant's vehicle. Regardless of the department's policy, Officer Smith's stop of the vehicle was justified. At the time of the stop, Officer Smith had observed the Defendant's vehicle cross the fog line and come within six inches of the ramp barrier while attempting to access Interstate 395, had observed the vehicle weave back and forth on Interstate 395, and had seen the vehicle touch the centerline on two occasions on Interstate 395. This erratic driving is, under any objective measure, sufficient to justify the stop.

Defendant next contends that the statements that he made should be excluded because Officer Smith did not inform the Defendant of his *Miranda* rights before Defendant made the statements. "A *Miranda* warning is necessary only if a defendant is: (1) in custody; and (2) subject to interrogation." *State v. Higgins*, 2002 ME 77, ¶ 12, 796 A.2d 50, 54 (citations omitted). Here, the Defendant was not in custody before he was placed under arrest. Because the Defendant was not in custody, a *Miranda* warning was not necessary for any pre-arrest questions posed by Officer Smith. In addition, the statements of which Defendant seeks exclusion after he was in custody were not the result of an interrogation. Rather, Defendant made the statements spontaneously. Accordingly, the statements are not subject to exclusion.

Conclusion

Based on the foregoing analysis, the Court denies Defendant's Motion to Suppress.

The Clerk shall incorporate this Decision and Order into the docket by reference.

Dated: 12/3/08

_____
Justice, Maine Superior Court