STATE OF MAINE                                    SUPERIOR COURT
SOMERSET, ss.                                     Docket No.: 08-CR-406
                                                  JCN - 30-09- .  .  .          ,


State of Maine,

                                                  **DECISION AND ORDER**
         v.                                       (Motion to Suppress)


Arthur A. Sousa,

         Defendant


This matter was heard on May 6, 2009, on the Defendant's Motion to Suppress. Assistant District Attorney James Mitchell represented the State. Attorney Wayne Foote represented the Defendant.

Through his motion, Defendant seeks to exclude evidence at trial that was obtained after law enforcement stopped his vehicle on October 9, 2008, in Detroit, Maine. Defendant contends that the Court should exclude the evidence because law enforcement did not have sufficient legal justification for the stop.

Factual Background

The hearing revealed that at approximately 8 p.m. on October 9, 2008, the Defendant was operating his vehicle along Main Street in Detroit when Deputy Williams of the Somerset County Sheriff's Department, in a marked police vehicle, entered Main Street traveling behind the Defendant's vehicle. After traveling along Main Street for a brief period of time, both vehicles turned on to the Troy Road. Soon after the vehicles entered the Troy Road, the Defendant drove his vehicle to the side of the road and stopped. Deputy Williams then proceeded past the Defendant's vehicle, after which the Defendant reentered the roadway. When the Defendant reentered the roadway, Deputy

Williams activated the emergency lights on his vehicle, and stopped the Defendant's vehicle.

According to Deputy Williams, the Defendant had not exceeded the speed limit at any time, nor had the Defendant engaged in any activity that Deputy Williams considered illegal. Deputy Williams stopped the vehicle because he was curious as to why the Defendant had left the roadway and reentered it after Deputy Williams' vehicle had passed.

The State maintains that Deputy Williams was justified in stopping the vehicle in part because one could reasonably conclude that the driver of or a possible passenger in the motor vehicle could have been in distress. In other words, the State contends that the stop was proper because of legitimate safety concerns.

Discussion

"An investigatory traffic stop comports with the Fourth Amendment of the United States Constitution and article I, section 5 of the Maine Constitution if, at the time of the stop, the officer has an 'articulable suspicion that criminal conduct has taken place, is occurring, or imminently will occur, and the officer's assessment of the existence of specific and articulable facts sufficient to warrant the stop is objectively reasonable in the totality of the circumstances.' The reasonable and articulable suspicion need not rise to the level of probable cause, but it also cannot be based on mere speculation or an unsubstantiated hunch." *State v. Tozier*, 2006 ME 105, ¶ 6, 905 A.2d 836, 838 (*quoting, State v. Lafond*, 2002 ME 124, ¶ 6, 802 A.2d 425, 427-28)). In addition, "[s]afety reasons alone can be sufficient if based upon 'specific and articulable facts.'" *State v. Pinkham*, 565 A.2d 318, 319 (Me. 1989).

Here, although the State argues that safety was the basis for the stop, Deputy Williams did not articulate facts that would support safety as a justification for the stop. Instead, Deputy Williams testified, and the evidence establishes, that he stopped the vehicle because he questioned why the Defendant drove the vehicle to the side of the

road, and then reentered the roadway after Deputy Williams drove past the Defendant. In the Court's view, the stop was much more about Deputy Williams' suspicion that the Defendant was trying to avoid law enforcement than a safety concern. If Deputy Williams had been concerned for the safety of the operator of or a passenger in the vehicle, Deputy Williams would presumably have stopped to check on the well being of the vehicle's occupants when the vehicle was off the roadway.

To the extent that a safety concern is generated when an officer observes a vehicle move to the side of the road, the concern is alleviated when the vehicle immediately returns to the roadway. In other words, while one could interpret the movement of the vehicle to the side of the roadway as evidence of operator distress or confusion that might warrant a stop, the prompt return of the vehicle to the roadway eliminates the concern as a justification for the stop. Had Deputy Williams "stopped the vehicle" when it was off the roadway, the State's attempt to justify the stop on safety grounds would have more merit.

Finally, the cases upon which the State relies in its effort to justify the stop on safety grounds are distinguishable. In each of the cases, the Law Court cites several circumstances that justify the stop. For instance, in *State v. Pinkham*, 565 A. 2d 318 (Me. 1989), the defendant was stopped after he did not follow the lane markings in the roadway and turned without a signal. Because there was a lane use violation and a turn without a signal, the law enforcement officer was justified in stopping the vehicle to explain to the officer the hazard that is created when an operator ignores the rules of the road. In *State v. Gulick*, 759 A.2d 1085 (Me. 2000), the defendant was stopped as he was parked in his vehicle in the parking lot of a closed emergency medical facility at three o'clock in the morning. Given the defendant's presence at a closed emergency medical facility in the early morning hours, law enforcement understandably inquired as to reason for the defendant's presence to determine whether the defendant or a person in the vehicle was in need of medical care. In *State v. Dean*, 645 A.2d 634 (Me. 1994), the defendant was stopped late at night on a dead end street in an area in which there had

been a number of complaints of vandalism. The combination of the location, the time of night, and the complaints of vandalism justified the stop.

In this case, at 8 p.m. on an unremarkable roadway, without incident and without any evidence of improper operation, the Defendant moved to the side of the road briefly and reentered the roadway immediately after the following police vehicle passed. Under these circumstances, there was no reason for Deputy Williams to be concerned about the well being of the occupants of the vehicle. Indeed, if a stop on the facts of this case is permissible, an operator of a vehicle who promptly returns to the roadway after briefly moving to the side of the road in order to allow a following vehicle to pass would be subject to an investigatory stop. The Court believes that such a result would be unreasonable.

Conclusion

Based on the foregoing analysis, the Court grants Defendant's Motion to Suppress.

The Clerk shall incorporate this Decision and Order into the docket by reference.

Dated: 5/27/09

Justice, Maine Superior Court