UNIFIED CRIMINAL COURT
PORTLAND
Docket No. CR-12-7843
EMK-CuM- 3/27/2013

STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE   )
        )
        )  ORDER ON MOTION TO SUPPRESS
        )
v.       )
        )
        )
BRENTON H. DICKSON  )

A testimonial hearing was held on Defendant's Motion to Suppress on March 21, 2013. Defendant appeared, represented by Attorney Robert Andrews. The State was represented by Assistant District Attorney William Barry.

Defendant seeks to suppress evidence arising from what he contends was an unconstitutional stop of the vehicle he was driving. Defendant argues that there was no reasonable articulable suspicion justifying the stop because the police officer was did not have a reasonable articulable suspicion and was proceeding on a theory of "mistaken identity" when he pulled the vehicle over.

The facts leading up to the stop are undisputed. Officer Garrett Strout of the Scarborough Police Department testified that on the evening of November 9, 2012 he was parked on the side of Route 22 observing passing traffic and conducting random license plate checks on his patrol car's computer. In running the license plate numbers of the car Defendant was driving, Officer Strout learned that the vehicle was registered to a female, and that the Scarborough Police Department had recently had contact with a previous male driver of the vehicle. That male individual, identified on the computer as one Kevin Prescott, was shown to have outstanding warrants, active bail conditions, and a suspended license. The description provided for Kevin Prescott stated that he was a white male, between the ages of 30 and 40, with brown hair and a thin build.

Officer Strout testified that when the car passed him he had observed the driver, who appeared to be a white male matching the description of the individual who had been previously linked with the vehicle and who had outstanding warrants for his arrest. Believing that the driver on November 9 was that same individual, Officer Strout pulled the vehicle over. After the stop, it became apparent that the current driver was not Kevin Prescott, the male with the active warrants, but Brenton Dickson, the Defendant.

The court is not persuaded by Defendant's argument that the facts of this matter distinguish this stop from those upheld in *State v. McDonald*, 2010 ME 102, *State v. Tozier*, 2006 ME 105, *State v. Huether*, 2000 ME 59, *State v. Eklund*, 2000 ME 175 and *Hurtado v. State*, 881 S.W.2d 738 (Tx. 1994). On the contrary, those cases make clear that the governing standard requires that the officer at the time of a motorist stop made

the stop for a reason that was both *reasonable* and *articulable*: that the suspicion be based "on more than speculation or an unsubstantiated hunch." That the officer's reasoning subsequently turns out to be mistaken does not render the stop invalid. *See, e.g., Heuther*, 748 A.2d at 995 (upholding stop as justified by reasonable articulable suspicion where officer realized after stop that driver was not who he thought he was); *State v. Hill*, 606 A.2d 793, 795 (upholding stop even though reason for stop turned out to be mistaken). The Texas case cited by Defendant likewise suggests that suppression here is not warranted. *See Hurtado*, 881 S.W.2d at 742 (upholding stop where officer's purpose was to determine whether driver was one of several individuals with outstanding warrants who showed up in license plate check conducted on patrol car computer). That *Hurtado* involved dealer's plates does not render its reasoning distinguishable. Defendant argues that the reasonableness of the arresting officer's suspicions is undermined by the difference in hair color between Kevin Prescott and Defendant. While Defendant's driver's license lists his hair color as blond or strawberry, and while he may well have had hair of such color at another time, having had the opportunity to observe Defendant in court, it is apparent that his hair color can reasonably be regarded as brown.

Accordingly, because Officer Strout had a reasonable, articulable suspicion that the driver was someone with a suspended license and outstanding warrants, the stop was constitutional and there are no grounds for Defendant's Motion to Suppress.

It is therefore hereby ORDERED that Defendant's Motion to Suppress is DENIED.

DATED: 3|27|13

E. Mary Kelly
Unified Criminal Court Judge

2

STATE OF MAINE
 vs
BRENTON H DICKSON, JR
11 DAVID DR
SCARBOROUGH ME 04074

CRIMINAL DOCKET
CUMBERLAND, ss.
Docket No   CUMCD-CR-2012-07843

**DOCKET RECORD**

DOB: 07/23/1967
Attorney: ROBERT ANDREWS                    State's Attorney: STEPHANIE ANDERSON
          ROBERT ANDREWS ESQ
          PO BOX 17621
          PORTLAND ME 04112
          APPOINTED 12/26/2012

## Charge(s)

1    OPERATE WHILE LICENSE SUSPENDED/REVOKED-    11/09/2012 SCARBOROUGH
     OUI, PRIOR
Seq 9890   29-A   2412-A(1-A)(C)          Class E
     STROUT                    / SCA


## Docket Events:

11/19/2012 FILING DOCUMENT -  CASH BAIL BOND FILED ON 11/13/2012


11/19/2012 Charge(s): 1
         HEARING -  ARRAIGNMENT SCHEDULED FOR 12/26/2012 at 08:30 a.m. in Room No.  1


         NOTICE TO PARTIES/COUNSEL
11/19/2012 BAIL BOND - $100.00 CASH BAIL BOND FILED ON 11/13/2012


         Bail Receipt Type: CR
         Bail Amt:  $100
                                  Receipt Type: CK
         Date Bailed: 11/10/2012      Prvdr Name: KATE  GRINDEL
                                  Rtrn Name: KATE  GRINDEL
         10/15/80                               682
12/20/2012 Charge(s): 1
         SUPPLEMENTAL FILING -  COMPLAINT FILED ON 12/19/2012


12/28/2012 Charge(s): 1
         HEARING -  ARRAIGNMENT HELD ON 12/26/2012 at 08:30 a.m. in Room No.  1
         MARY  KELLY , JUDGE
         DA:  ANGELA CANNON
         DEFENDANT INFORMED OF CHARGES.  21 DAYS TO FILE MOTIONS             TAPE 4587
12/28/2012 Charge(s): 1
         PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 12/26/2012 at 08:30 a.m. in Room No.  1
         MARY  KELLY , JUDGE
         DA:  ANGELA CANNON
         TAPE 4587
12/28/2012 Charge(s): 1
         HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 02/19/2013 at 01:00 p.m. in Room No.  7

12/28/2012 Charge(s): 1
         TRIAL -  JURY TRIAL SCHEDULED FOR 04/08/2013 at 08:30 a.m. in Room No.  11

NOTICE TO PARTIES/COUNSEL
12/28/2012 Charge(s): 1
          MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 12/26/2012 at 08:30 a.m. in Room No.  1
          MARY  KELLY , JUDGE
          COPY TO PARTIES/COUNSEL
12/28/2012 Party(s):  BRENTON H DICKSON JR
          ATTORNEY -  APPOINTED ORDERED ON 12/26/2012

          Attorney:  ROBERT ANDREWS
02/20/2013 Charge(s): 1
          HEARING -  DISPOSITIONAL CONFERENCE HELD ON 02/19/2013
          RICHARD  MULHERN , JUDGE
          Attorney:  ROBERT ANDREWS
          DA:  WILLIAM BARRY
          OFFER MADE, MOTION TO SUPRESS TO BE FILED
02/21/2013 MOTION -  MOTION TO SUPPRESS FILED BY DEFENDANT ON 02/20/2013

02/21/2013 Charge(s): 1
          HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 03/21/2013 at 01:00 p.m. in Room No.  1

          NOTICE  TO PARTIES/COUNSEL
02/21/2013 Charge(s): 1
          HEARING -  MOTION TO SUPPRESS NOTICE SENT ON 02/21/2013

03/22/2013 Charge(s): 1
          HEARING -  MOTION TO SUPPRESS HELD ON 03/21/2013
          MARY  KELLY , JUDGE
          Attorney:  ROBERT ANDREWS
          DA:  WILLIAM BARRY
          Defendant Present in Court

          TAPE 4828                                                    UNDER
          ADVISEMENT BY J. KELLY
03/27/2013 MOTION -  MOTION TO SUPPRESS DENIED ON 03/27/2013
          MARY  KELLY , JUDGE
          COPY TO PARTIES/COUNSEL
03/27/2013 ORDER -  COURT ORDER FILED ON 03/27/2013

          ORDER ON MOTION TO SUPPRESS FILED.                          COPIES SENT TO
          ALL PARTIES 3-27-13.

A TRUE COPY
ATTEST:  _____
                        Clerk