033945

STATE OF MAINE           SUPERIOR COURT
CUMBERLAND, ss          Docket No.: CUMCD-CR-14-1029

WSB-CUM-06-16-14

```
                                    )
STATE OF MAINE,                     )
                                    )
            Plaintiff,              )
                                    )        DECISION
     v.                             )
                                    )
WILL JACOBS,                        )
                                    )
            Defendant               )
                                    )
```

CLERK OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2014 JUN 16 AM 11 06

## FINDINGS

The parties have stipulated to the following facts:

"On the night of December 20, 2013, Officer Todd Smolinsky of the Bridgton Police Department was on patrol on Knights Hill Road. At 10:02 PM he passed a Ford F-150 truck as it was waiting to pull onto Knights Hill Rd. He recognized the truck as one belonging to Will Jacobs, who he knew to be suspended. After he passed, the truck pulled out onto the road behind Office Smolinsky, who then pulled to the side of the road allowing the truck to pass him. He then pulled back onto the road and began to follow the truck. He ran the registration and confirmed that the truck belonged to Mr. Jacobs and that Mr. Jacobs was suspended. At that point he stopped the truck, walked up to it and found that Mr. Jacobs was operating the vehicle.

Prior to stopping the truck, Officer Smolinsky could not see who was operating the truck and so he could not tell if the operator was male or female. In addition to the stop

DONALD L. GARBRECHT
LAW LIBRARY

JUL 17 2014

happening after dark, the truck windows were also tinted. He did not observe any traffic violations or erratic or unsafe operation of the vehicle. Knights Hill Road is a rural road and there was no other traffic during this incident."

## DISCUSSION

Mr. Jacobs rests his motion to suppress exclusively on his reading of State v. Tozier, 2006 ME 105, 905 A.2d 836. The facts in Tozier are indeed similar to the facts in this case. The important difference, Mr. Jacobs argues, is that the officer in Tozier observed that the driver was a male prior to the stop while Officer Smolinsky, in this case, did not observe the driver's gender prior to the stop.

Mr. Jacobs has misread Tozier. The holding in Tozier is "…it is reasonable for an officer to suspect that the owner is driving the vehicle, absent other circumstances that demonstrate the owner is not driving." Id. at ¶ 10. Thus the fact that Officer Smolinsky did not observe whether a male was driving Mr. Jacobs' vehicle does not distinguish Tozier. What would have distinguished Tozier is if Officer Smolinsky had observed that a female was driving Mr. Jacobs' truck prior to the stop.

Officer Smolinsky did not have to know Mr. Jacobs was driving his own truck in order to effect a stop. Officer Smolinsky did not have to have probable cause that Mr. Jacobs was driving his own truck. Officer Smolinsky had only to reasonably suspect that Mr. Jacobs was driving his own truck. In the absence of any evidence that someone other than Mr. Jacobs was

driving his truck, Officer Smolinsky had reasonable suspicion to make the stop for a brief investigation to determine whether Mr. Jacobs was, in fact, driving his own truck.

For the above stated reasons, the clerk will, by reference, make the following entry on the docket.

Defendant Will Jacobs' motion to suppress is denied in all respects.

Date:___June 16, 2014___          ___W. S. Brodrick___
                                  William Brodrick
                                  Justice, Superior Court, Active Retired