STATE OF MAINE                                      SUPERIOR COURT
KENNEBEC, ss                                        CR-18-2370


**STATE OF MAINE**

v.                                  ORDER ON DEFENDANT'S MOTION
                                              TO SUPPRESS
**DONALD PILSBURY**


Before the Court is a Motion to Suppress evidence brought by the Defendant. A

testimonial hearing was conducted on April 23, 2019. The Defendant is represented by Attorney

Lisa Whittier and the State is represented by Assistant District Attorney Evan Fisher. The Court

has considered the motion, the evidence from the hearing, and the parties' written arguments, the

last of which were received on May 20, 2018. For the reasons stated, the motion is denied

### Findings and Conclusions

On November 7, 2018 Officer Gregory McCarthy of the Augusta Police Department was

conducting traffic surveillance off of Riverside Drive in Augusta. He observed a motor vehicle,

ran the plate, and learned that the registered owner had a suspended license. He further observed

that the driver's appearance matched the description from the suspended license in that the

registered owner was a white male with dark hair. The Court is satisfied that this information

constituted reasonable, articulable suspicion that "criminal conduct has taken place, is occurring,

or imminently will occur," and that "the officer's assessment of the existence of specific and

articulable facts sufficient to warrant the stop is objectively reasonable in the totality of the

circumstances." *State v. Lafond*, 2002 ME 124.

1

The Court further finds that the facts of this case are virtually identical with those presented in *State v. Tozier*, 2006 ME 105 in which the Law Court held that it is reasonable to suspect that a driver of a vehicle is its registered owner, "absent indications to the contrary." *Id.* at ¶ 9. In this case, there are no such contrary indications. The Court concludes that Officer McCarthy reasonably suspected that the Defendant was operating after suspension, and therefore rejects the Defendant's argument that the stop of the Defendant's motor vehicle was unconstitutional.[1]

With respect to the Defendant's argument that it was unconstitutional for Officer McCarthy to compel the Defendant to submit to "secondary screening" for impairment, in *State v. McPartland*, 2012 ME 12, the Law Court held that there must be "an objectively reasonable basis for suspecting that the motorist is driving under the influence" in order to justify administration of field sobriety tests. *Id.* at ¶10.

In *McPartland*, the parties agreed that the Defendant was lawfully stopped at a roadblock. The argument presented was whether secondary screening was justified. The Law Court found that in addition to Ms. McPartland's admission that she consumed one Martini before driving, the officer had also observed her at 2:00 am traveling toward the checkpoint at ten miles an hour over the speed limit. This, the Law Court concluded, constituted "objectively reasonable suspicion" that she was driving while impaired "even to the slightest degree" and held that the administration of the field sobriety tests was constitutionally justified. *Id.* at ¶ 16, 17.

In this case, Officer McCarthy smelled alcohol,[2] observed that the Defendant's

---

[1] The Defendant argues that even if the stop of the vehicle was constitutional, demanding that the Defendant step out of the car was not. The Court agrees with the State that *Pennsylvania v. Mimms* laid this argument to rest when the United States Supreme Court concluded that if a motor vehicle is legally stopped, ordering the driver to get out of the car is constitutionally *de minimis.* 434 U.S. 106, 111.

[2] The Court does not agree that the officer is not credible about this issue because he did not notice the smell of alcohol until the Defendant was outside of his vehicle.

eyes were glassy and the Defendant admitted to drinking two or three beers. The Court did not hear the Defendant slur his words from the video evidence as Officer McCarthy stated, and did not find his "attitude" suggestive of impairment. However, the Court concludes the combined weight of his admission to the amount consumed, the smell of alcohol and glassy eyes support an "objectively reasonable suspicion" that the Defendant was impaired "even to the slightest degree", and/or that his blood alcohol was in excess of the legal limit. Therefore, the administration of field sobriety tests was constitutional.

The Defendant's written submission does not address the issue of whether there was probable cause to arrest the Defendant for operating under the influence in light of his performance on these tests. The Court deems that argument waived, and therefore does not address the State's arguments on that issue.

The entry will be: Defendant's Motion to Suppress is DENIED.

_____
5/30/19
**DATE**

_____
**SUPERIOR COURT JUSTICE**

~~~~~~~~ the docket    5/30/19

3